IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS NUNEZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09 C 623 |
| | ) | |
| THOMAS J. DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment. For the reasons stated below, the motion is granted.

## BACKGROUND

On July 31, 2008, Defendants Sgt. Newsom, Inv. Witowski, Inv. Lewandowski, Inv. Mack, Inv. Piersanti, Inv. Blanchard, Inv. Fonseca, Sgt. Rosario, Inv. Merola, Sgt. Roedel, and Inv. Johnson (collectively referred to as "Defendant Officers") allegedly executed a search warrant for a person named John Sadowski (Sadowski) in the basement apartment at 3832 S. Hermitage Avenue in Chicago, Illinois (Apartment). Plaintiffs allegedly were present in the Apartment when the

1

search was conducted.  Plaintiffs contend that, in entering the Apartment, Defendant Officers caused extensive damage to the Apartment door, lock, and door frame. Defendant Officers allegedly then handcuffed the adult Plaintiffs and placed two Plaintiffs who were minors in a restroom during the search.  In addition, during the search, the arm of Plaintiff Luis Nunez (Nunez) was allegedly fractured when he was thrown to the ground.  Plaintiffs contend that Defendant Officers did not find Sadowski or any contraband or illegal substances in the Apartment.  Plaintiffs include in their third amended complaint claims alleging an unlawful search brought under 42 U.S.C. § 1983 (Section 1983) (Count I), Section 1983 unreasonable seizure claims (Count II), and Section 1983 excessive force claims (Count III).  Defendants move for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009).  A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I. Local Rule 56.1

Pursuant to Local Rule 56.1, the facts in a party's statement of material facts are deemed to be undisputed unless the opposing party properly disputes the facts in accordance with the requirements of Local Rule 56.1. L.R. 56.1; *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)(stating that a district court has "discretion to require strict compliance with" Local Rule 56.1); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008)(stating that "a district court has broad discretion to require strict compliance with Local Rule 56.1"). In this case, on March 3, 2010, the court set briefing dates

for dispositive motions. On November 9, 2010, in order to provide the parties with an opportunity for settlement, the court extended the briefing dates for dispositive motions. On February 3, 2011, this case was dismissed for want of prosecution after counsel for Plaintiffs missed a noticed status hearing for a second time. On April 19, 2011, the court reinstated the case and set a new briefing schedule for dispositive motions. On May 12, 2011, the court, with the agreement of the parties, struck the briefing dates for dispositive motions in order to allow the parties an opportunity to reach a resolution. The parties were unable to reach a resolution, and on June 9, 2011, the court set new briefing dates for dispositive motions. On August 10, 2011, the court set a final briefing schedule for dispositive motions. The court stated that dispositive motions were to be filed by September 30, 2011, and responses to dispositive motions were to be filed by October 14, 2011. On September 30, 2011, Defendants filed the instant motion and Plaintiffs have not filed any response. Thus, pursuant to Local Rule 56.1, all facts included in Defendants' statement of material facts are deemed to be admitted. The court notes that, based upon the record, this is not the first time that Plaintiffs' counsel failed to comply with the court's deadlines.

II. Unlawful Search Claims (Count I)

Defendants contend that, based on the undisputed facts, there is not sufficient

evidence to support an unlawful search claim.  Plaintiffs admit that Defendant Officers entered the Apartment pursuant to a valid search warrant.  (SF Par.7-8). Plaintiffs have not pointed to evidence to show that Defendant Officers misrepresented any facts to the state court judge when obtaining the search warrant. Nor have Plaintiffs pointed to evidence showing that there was not probable cause to support the issuance of the search warrant.

Plaintiffs have alleged in the third amended complaint that Defendant Officers failed to knock and announce their presence prior to entering the Apartment.  (TA Compl. Par. 44).  However, at the summary judgment stage, a plaintiff opposing a defendant's motion for summary judgment cannot rely on mere allegations and instead must put forth sufficient evidence to support the plaintiff's case. Fed. R. Civ. P. 56(c); (e)(2); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010)(stating that "[s]ummary judgment is the 'put up or shut up' moment in a lawsuit").  Under the knock and announce rule, "'officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry.'" *Green v. Butler*, 420 F.3d 689, 695 (7th Cir. 2005)(quoting *Richards v. Wisconsin*, 520 U.S. 385, 387 (1997)).  In this case, Defendants have pointed to evidence showing that Defendant Officers did knock and announce before entering the Apartment, and Plaintiffs have not disputed this point.  (SF Par. Par. 11).  Plaintiffs have admitted,

pursuant to Local Rule 56.1, that Defendant Officers knocked and announced their presence prior to entering the Apartment. Plaintiffs also have failed to point to evidence that shows that Defendant Officers executed the search warrant in an unreasonable manner. *See Green*, 420 F.3d at 694-95 (stating that "[t]he touchstone of Fourth Amendment inquiry is reasonableness," and that "[t]he reasonableness requirement, and the totality of the circumstances inquiry, extends to the manner in which a search is conducted"). Therefore, Defendants' motion for summary judgment on the unlawful search claims is granted.

III. Unlawful Seizure Claims (Count II)

Defendants contend that, based on the undisputed facts, there is not sufficient evidence to support an unlawful seizure claim. Plaintiffs contend that Defendant Officers handcuffed the adult Plaintiffs while executing the search warrant. Law enforcement officers who are searching premises pursuant to a search warrant "have categorical authority to detain any occupant of the subject premises during the search." *United States v. Jennings*, 544 F.3d 815, 818 (7th Cir. 2008); *see also Muehler v. Mena*, 544 U.S. 93, 98-99 (2005)(stating that "[i]nherent in *Summers*' authorization to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention" such as "[t]he use of force in the form of

handcuffs to detain" the occupant). It is undisputed that Plaintiffs were occupants of the Apartment when the search warrant was executed and Plaintiffs have not pointed to evidence that shows that the amount of time taken to execute the warrant was excessive or that the adult Plaintiffs were mistreated in any manner while handcuffed. Although Plaintiffs alleged in the third amended complaint that two minors were kept in a bathroom during the execution of the search warrant and that they were emotionally traumatized, Plaintiffs cannot rely on mere allegations at this juncture. Plaintiffs have not pointed to any evidence in the record indicating that the minors were physically or emotionally harmed or placed in danger by Defendant Officers during the search. Nor is there evidence indicating that Defendant Officers verbally threatened the minors. Plaintiff Juan Carlos Moreno, the father of the minors, testified at his deposition that Defendant Officers were silent when the minors were placed in the bathroom. (Moreno Dep. 25-26). In addition, Moreno testified that the minors were in the bathroom for only five to seven minutes. (Moreno dep. 26). There is no other evidence in the record that would indicate that such a detention of the minors in a bathroom for such a short duration, without any threats to the minors or harm caused to the minors, would be unreasonable under the circumstances, and taking into consideration the safety of the minors during the search. Thus, there is not sufficient evidence indicating an unlawful seizure in

violation of the Fourth Amendment. Therefore, Defendants' motion for summary judgment on the unlawful seizure claims is granted.

IV. Excessive Force Claims (Count III)

Defendants contend that, based on the undisputed facts, there is not sufficient evidence to support an excessive force claim. Law enforcement officers' use of force while executing a search warrant is "reviewed under the Fourth Amendment's objective-reasonableness standard." *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010). Plaintiffs allege in the third amended complaint that, during the search of the Apartment, Nunez was thrown to the ground and fractured his arm. (TA Compl. Par. 67). However, the record does not reflect sufficient evidence to indicate that any particular Defendant Officer threw Nunez to the ground. Nunez himself testified at his deposition that "they come- - they come into my bedroom. They open the door. They grabbed me. They pulled me out of bed. There are two people." (Nunez dep. 12). Nunez testified that the "two people" were wearing a black suit and had helmets. (Nunez dep. 12). Nunez testified that one of the officers was about his size, but that he could not tell the officer's race. (Nunez dep. 14-15).

In order to hold an individual liable under Section 1983, a plaintiff must establish the individual's "'personal involvement in the alleged constitutional

8

deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Plaintiffs cannot proceed to trial and ask the jury to merely speculate in the absence of evidence as to whether one of the Defendant Officers was the individual that allegedly injured Nunez. Nor can Plaintiffs seek to hold all Defendant Officers collectively liable simply because they were present in the Apartment during the search. *See Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992)(holding that the plaintiff could not rely on a "principle of collective punishment as the sole possible basis of liability" and that the "[p]roximity to a wrongdoer does not authorize punishment"). In addition, although Plaintiffs alleged in the third amended complaint that Nunez was in pain when placed in handcuffs, Plaintiffs admit that none of Plaintiffs, including Nunez, complained to Defendant Officers of any injury on July 31, 2008. (SF Par. 14). Therefore, Defendants' motion for summary judgment on the excessive force claims is granted.

V. Qualified Immunity

Defendants also argue that they are protected from liability by qualified immunity. Under the doctrine of qualified immunity, state actors are protected "from liability if 'their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.'" *Van den Bosch v. Raemisch*, 658 F.3d 778, 786 (7th Cir. 2011)(quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). In the instant action, the record does not indicate that any Defendant violated a clearly established constitutional right of which a reasonable person would have known. Thus, Defendants have pointed to sufficient evidence that shows that they are entitled to judgment in their favor based on qualified immunity. Therefore, based on the above, Defendants' motion for summary judgment is granted in its entirety.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion for summary judgment is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 17, 2011